# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 50094 | DATE | 10/7/2004 |
| CASE TITLE | | United States vs. Woods | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court grants the motion to dismiss Woods' § 2255 motion. The government is to either move to withdraw its motion to resentence or advise the court if it wishes to proceed with that motion within seven(7) days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

/s/ Philip G. Reinhard

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 10-8-04 date mailed notice | |
| LC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

MEMORANDUM OPINION AND ORDER

Curtis Woods, a federal prisoner, filed a pro se motion pursuant to 28 U.S.C. § 2255, raising four issues all related to his sentence ( three of which are based on ineffective assistance of counsel) which followed his guilty plea. The government has filed a motion to dismiss, contending that Woods is barred from seeking relief related to his sentence via a § 2255 motion because of an express waiver of the right to do so in his written plea agreement. Woods also, violation of his express waiver of his right to appeal, filed an appeal which was dismissed upon the filing of an Anders brief. See United States v. Woods, 2003 WL 463469, unpublished order (Feb. 21, 2003). Woods, who is now represented by counsel, has filed a brief in opposition to the motion to dismiss.

A waiver of the right to seek relief pursuant to § 2255 in a written plea agreement is valid and enforceable absent a claim that the waiver was not knowing and voluntary or that counsel was ineffective in connection with the negotiation of the waiver itself. Mason v. United States, 211 F. 3d 1065, 1069 (7th Cir. 2000).

Here, Woods' plea agreement expressly waives his right "to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion under [§ 2255]." All of the issues Woods seeks to raise in his § 2255 motion fall squarely within the waiver language of his plea agreement. Further, Woods does not raise any issue that his counsel was ineffective in any way as to the negotiation of the waiver or that his waiver was not knowing and voluntary. Additionally, during the Rule 11 colloquy, Woods stated that he understood that as part of his plea agreement he was giving up his right to pursue any § 2255 remedy as to his sentence. As for the issue of the additional conviction that came up after he entered the plea agreement, Woods persisted in his plea agreement even after discussing the issue with his attorney and being given the opportunity to move to withdraw his plea of guilty. Thus, the court grants the government's motion to dismiss Woods' § 2255 motion.